**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50044
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDY THOMAS SCHUMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-03-CR-99-2
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Andy Thomas Schuman appeals his conviction for conspiracy to distribute cocaine and aiding and abetting the distribution of cocaine. He argues that the district court abused its discretion by admitting two audio tapes into evidence at trial.

Prior to their admission, the tapes were authenticated by Special Agent Emrich. His testimony established the fidelity of the recording equipment and the absence of material alterations. Additionally, he identified one of the speakers as the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confidential informant who was making the recording.  Based on Emrich's testimony, the tapes were sufficiently authenticated prior to admission.  See United States v. Lance, 853 F.2d 1177, 1181-82 (5th Cir. 1988).  Nevertheless, even assuming that the district court abused its discretion in admitting the tapes on the basis of Emrich's testimony alone, Schuman cannot show that his substantial rights were affected.  See United States v. Asibor, 109 F.3d 1023, 1032 (5th Cir. 1997).  The tapes were not played until the confidential informant, who was a party to the conversations, testified.  The informant's testimony confirmed the accuracy of the recordings and the identification of the parties.  Schuman has also failed to establish that the quality of the recordings was so poor as to render them untrustworthy.  See United States v. White, 219 F.3d 442, 448-49 (5th Cir. 2000).  Accordingly, the judgment is AFFIRMED.